IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

**ORIGINAL**
**FILED**

JUN 5 2003 2 :10pm

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
DEPUTY CLERK

| | | |
|---|---|---|
| HENRY ABDULLAH and DEBORAH ABDULLAH, Individually and as Next Friends of GAVIN ABDULLAH and HOLDEN ABDULLAH, Minor Children, | § § § § § | |
| Plaintiffs, | § § | |
| V. | § § | C.A. NO. **A03 CA 369H** |
| HOME DEPOT USA d/b/a HOME DEPOT, JASON RATLIFFE and BARRY MAROTZ, | § § § § | |
| Defendants. | § | JURY DEMAND |

## NOTICE OF REMOVAL

Defendant Home Depot U.S.A., Inc. ("Home Depot"), for the purpose only of removing this cause to the United States District Court for the Western District of Texas, Austin Division, states:

1.     **State Court Action.**  This is an action filed on or about May 1, 2003 in the 200th Judicial District Court of Travis County, Texas, being numbered GN301394 on the docket of said court and being a suit by Plaintiffs Henry Abdullah and Deborah Abdullah, individually and as next friends of Gavin Abdullah and Holden Abdullah, minor children (collectively, the "Abdullahs"), against Home Depot, Jason Ratliffe ("Ratliffe"), and Barry Marotz ("Marotz"), to recover for personal injuries based on a premises defect.

2.     **Diversity Jurisdiction.**  Home Depot is incorporated only in Delaware with its principal office and place of business located in Atlanta, Georgia, both at the time of the filing of the action and at the time of the removal.  Home Depot is therefore a citizen of Delaware and

Georgia. Plaintiffs are citizens of Texas. Defendants Ratliffe and Marotz are citizens of Texas. However, the Abdullahs fraudulently joined Ratliffe and Marotz as defendants to defeat diversity jurisdiction, as there is absolutely no possibility that the Abdullahs will be able to establish a cause of action against Ratliffe or Marotz in state court.

3.      Texas recognizes two types of premises liability cases: negligent activity cases and premises defect cases. *Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex. 1992). In a negligent activity case, the injury must occur "as a contemporaneous result of [an] activity itself, rather than by a condition created by [an] activity." *Id.* When the injury occurs as a result of a premises condition, rather than as a contemporaneous result of an activity, the appropriate jury submission is based on premises defect. *Id.* Indeed, submission of a plain negligence issue in a premises condition case is error. *Id.*

4.      In this case, the Abdullahs pleaded only a premises condition cause of action. First, the Abdullahs pleaded that Henry Abdullah was a business invitee of Home Depot (Plaintiffs' Original Petition, p. 3 ¶¶ 7-8). The Abullahs further pleaded that Henry Abdullah was injured when a box fell from a shelf above him in the Home Depot store (*id.* ¶ 7). In discussing duties, the Abdullahs specifically invoked *Home Depot's* duty to keep the premises in a reasonably safe condition and make safe or warn of any known premises defects (*id.* at p. 4, ¶ 9). The Abdullah's then repeated their premises condition theory of liability (*id.* ¶ 10, stating "Defendant Home Depot knew or should have known that the condition on its premises created an unreasonable risk of harm to invitees."). The Abdullahs never pleaded any allegations related to a negligent activity case, *i.e.*, the pleading contains no allegations that Henry Abdullah was inured as the contemporaneous result of any activity performed by anyone. Thus, this is solely a premises condition case.

5.     In a premises condition case, the duty to exercise reasonable care to reduce or eliminate the risks posed by known premises conditions creating a danger to invitees is non-delegable and belongs solely to the owner or occupier of the premises. *See CMH Homes, Inc. v. Daenen*, 15 S.W.3d 97, 99, 101 (Tex. 2000) (discussing duty of owner or occupier).  Texas has never imposed a similar duty on employees or management of the owner or occupier.

6.     Neither Ratliffe nor Marotz were premises owners or occupiers of the Home Depot store at the time the cause of action accrued or at the time of removal[1], and the Abdullahs do not claim that Ratliffe or Marotz were premises owners or occupiers at any time.  Neither Ratliffe nor Marotz created the premises condition that allegedly caused Henry Abdullah's injuries.[2]  Neither Ratliffe nor Marotz pushed or otherwise committed any act caused the box to fall.[3]  In Plaintiffs' Original Petition, the Abdullahs do not claim that Ratliffe or Marotz created the premises condition that allegedly caused Henry Abdullah's injuries.  Further, in Plaintiffs' Original Petition, the Abdullahs do not claim that Ratliffe or Marotz pushed or otherwise committed any act that caused the box to fall.

7.     As against Ratliffe and Marotz, the Abdullahs only allege various "failures" that would have reduced or eliminated the risk to invitees posed by a claimed known premises defect (Plaintiffs' Original Petition, p. 5 ¶ 12).  This duty, however, belongs to the owner or occupier alone.  Texas has never burdened individual managers or employees with an independent duty to

---

[1] *See* Declaration of Jason Ratliffe and Declaration of Barry Marotz, which are being separately filed on June 5, 2003.  These declarations are incorporated herein by reference as if fully set forth herein.

[2] *Id.*

[3] *Id.*

reduce or eliminate risks to invitees posed by known, dangerous premises conditions. Accordingly, the Abdullahs cannot possibly establish any cause of action against Ratliffe or Marotz.

8.     The amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. Plaintiffs' Original Petition expressly states an amount in controversy in excess of the $75,000 jurisdictional limit. This Court has original jurisdiction over this action under 28 U.S.C. § 1332. Venue is proper in this Court under 28 U.S.C. § 1391. This civil action is one which may be removed by Home Depot pursuant to 28 U.S.C. § 1441 since the Court has original jurisdiction over the Abdullahs' claims.

9.     **State Court Documents Attached.** This suit was filed on or about May 1, 2003. Citation was mailed to Home Depot on May 9, 2003. Home Depot received the first plea or pleading in this case on May 12, 2003. The first served defendant was Ratliffe, who was served via hand delivery on May 6, 2003. Removal is timely even based on the service date for Ratliffe. However, Home Depot contends that the time for removal is not triggered by service of fraudulently joined defendants. Removal is therefore timely under 28 U.S.C. § 1446(b). Attached hereto are the documents from the state court action, said documents constituting the only process, pleading, or orders received by Home Depot in this action.

10.     **Consent to Removal.** Because removal is premised on fraudulent joinder, the individual defendants need not consent to removal.

11.     **Relief Requested.** Home Depot respectfully requests that the United States District Court for the Western District of Texas, Austin Division, accept this notice of removal and that it assume jurisdiction of this cause and issue all such further orders and processes as may be

necessary to bring before it all parties necessary for the trial hereof.

Respectfully submitted,

By: _____
    Arthur K. Smith
    State Bar No. 18534100

    Amy E. Gibson
    State Bar No.  00793801

    Smith DeFeo,
    A Professional Corporation

    507 Prestige Circle
    Allen, Texas  75002
    Telephone:  (469) 519-2500
    Facsimile:   (469) 519-2555


    ATTORNEYS FOR DEFENDANTS
    HOME DEPOT U.S.A, INC. AND
    JASON RATLIFFE


## CERTIFICATE OF SERVICE


On the 4th day of June 2003, a true and correct copy of the foregoing was delivered via certified mail, return receipt requested, to plaintiffs through their counsel of record, as follows:


    Robert Waltman
    Waltman & Grisham
    707 Texas Ave.
    Suite 106D
    College Station, Texas  77840

    _____
    Arthur K. Smith

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| HENRY ABDULLAH and DEBORAH ABDULLAH, Individually and as Next Friends of GAVIN ABDULLAH and HOLDEN ABDULLAH, Minor Children, | § § § § § | |
| Plaintiffs, | § § | C.A. NO. _A03 CA 369H_ |
| V. | § § | |
| HOME DEPOT USA d/b/a HOME DEPOT, JASON RATLIFFE and BARRY MAROTZ, | § § § § | |
| Defendants. | § | JURY DEMAND |

## INDEX OF MATTERS FILED

1.   Civil Docket Sheet;

2.   Plaintiffs' Original Petition;

3.   Cover letter for Plaintiffs' Original Petition;

4.   Citation for Jason Ratliffe;

5.   Citation for Jason Ratliffe;

6.   Citation for Barry Marotz;

7.   Citation for Home Depot U.S.A., Inc.;

8.   Return of Service for Jason Ratliffe;

9.   Original Answer and Special Exceptions of Defendants Home Depot U.S.A., Inc. and Jason Ratliffe to Plaintiffs' Original Petition; and

10.   Cover letter for Original Answer and Special Exceptions of Defendants Home Depot U.S.A., Inc. and Jason Ratliffe to Plaintiffs' Original Petition.

Respectfully submitted,

By: _____

Arthur K. Smith
State Bar No. 18534100

Amy E. Gibson
State Bar No.  00793801

Smith DeFeo,
A Professional Corporation

507 Prestige Circle
Allen, Texas  75002
Telephone:  (469) 519-2500
Facsimile:   (469) 519-2555


ATTORNEYS FOR DEFENDANTS
HOME DEPOT U.S.A, INC. AND
JASON RATLIFFE


## CERTIFICATE OF SERVICE

On the 4th day of June 2003, a true and correct copy of the foregoing was delivered via certified mail, return receipt requested, to plaintiffs through their counsel of record, as follows:


Robert Waltman
Waltman & Grisham
707 Texas Ave.
Suite 106D
College Station, Texas  77840


_____
Arthur K. Smith

CAUSE NO. GN 301394

| | | |
|---|---|---|
| HENRY ABDULLAH and DEBORAH | § | IN THE DISTRICT COURT OF |
| ABDULLAH, INDVIDUALLY AND AS | § | |
| NEXT FRIENDS OF GAVIN ABDULLAH | § | |
| AND HOLDEN ABDULLAH, | § | |
| MINOR CHILDREN | § | |
|     Plaintiffs | § | |
| | § | |
| | § | |
| | § | |
| V. | § | TRAVIS COUNTY, T E X A S |
| | § | |
| | § | |
| | § | |
| HOME DEPOT USA d/b/a HOME | § | |
| DEPOT, JASON RATLIFFE and | § | |
| BARRY MAROTZ, | § | 200ᵗʰ |
|     Defendants | § | ____ TH JUDICIAL DISTRICT |

## PLAINTIFFS' ORIGINAL PETITION

COME NOW PLAINTIFFS HENRY ABDULLAH and DEBORAH ABDULLAH,

Individually and as Next Friends of GAVIN ABDULLAH and HOLDEN ABDULLAH, Minor

Children, and file this their Original Petition complaining of HOME DEPOT USA d/b/a HOME

DEPOT, JASON RATLIFFE and BARRY MAROTZ, DEFENDANTS, and in support thereof

would show unto this honorable Court the following:

### LEVEL 3 DISCOVERY CONTROL PLAN REQUESTED

1.    Pursuant to TEX. R. CIV. P. 190.1, Plaintiffs allege that this case is one which will

require a discovery control plan tailored to the circumstances of the case. Plaintiffs therefore

move the Court to enter a discovery control plan pursuant to TEX. R. CIV. P. 190.4, Level 3.

### Parties

2.    Plaintiffs are residents of Austin, Travis County, Texas.

FILED #10

2003 APR 31 AM 11: 19

[illegible stamp]
TEXAS

1

3.      Defendant, Home Depot USA d/b/a Home Depot ("Home Depot"), is a Delaware corporation legally authorized to do business in the State of Texas upon whom service of process may be had by serving:

> CT Corporation Systems
> 350 N. St. Paul
> Dallas, Texas 75201

4.      Defendant Jason Ratliffe is an individual residing in Roundrock, Williamson County, Texas who can be served with process at his home or at his usual place of business:

> Jason Ratliffe
> 1120 Dalea Bluff
> Round Rock, Texas 78664

> or

> Jason Ratliffe
> Home Depot Store No. 183
> 10107 North Research Boulevard
> Austin, Texas  78759

5.      Defendant Barry Marotz is an individual residing in Lakeway, Travis County, Texas who can be served with process at his home or at his usual place of business:

> Barry Marotz
> 207 Lakeway
> Lakeway, Texas 78738

> or

> Barry Marotz
> Home Depot Store No. 183
> 10107 North Research Boulevard
> Austin, Texas  78759

### Jurisdiction and Venue

6.      Venue is proper in Travis County, Texas pursuant to TEX. CIV. PRAC. & REM. CODE § 15.002(a)(1) because the incident made the basis of this lawsuit occurred in whole or in

2

part in Travis County. Venue is further proper in Travis County pursuant to TEX. CIV. PRAC. & REM. CODE § 15.002(a)(2) as Travis County was the residence of Defendant Barry Marotz at the time the cause of action accrued. No other statute provides for mandatory venue in a county other than Travis County. The amount in controversy exceeds the minimum jurisdictional limits of this Court and the maximum amount of any other state court in Travis County.

### Facts

7.      On or about September 8, 2002, Plaintiff Henry Abdullah was a "business invitee" of Defendant, Home Depot USA as that term is known and understood under the laws of the State of Texas.  On that date, Mr. Abdullah was shopping at Home Depot Store No. 183 located at 10107 North Research Boulevard, Austin, Travis County, Texas which is owned and operated by Defendant, Home Depot USA. Mr. Abdullah was walking down an aisle of the store when a large box containing an unassembled storage building weighing approximately three hundred and fifty pounds (350 lbs.) fell from a shelf above Mr. Abdullah, striking him and rendering him unconscious.    The box struck him on the head and left shoulder, ultimately resting upon him. As a result, Mr. Abdullah suffered severe and debilitating injuries. At all times material hereto, Defendants Jason Ratliffe and Barry Marotz were the store manager and assistant store manager of Home Depot Store No. 183.

### Causes of Action

8.      Plaintiff Henry Abdullah was an invitee of Defendant Home Depot at the time of the incident. Plaintiff went onto Defendant Home Depot's premises for the mutual benefit of himself and Defendant, and at the implied invitation of the Defendant. Plaintiff was a business invitee of Defendant because on September 8, 2002, Plaintiff entered the Defendant's business

3

premises to make a purchase. Defendant Home Depot extended an open invitation to the public, including the Plaintiff, to enter the premises.

9.     Because Plaintiff was an invitee at the time of his injury, Defendant Home Depot owed him a duty to exercise ordinary care to keep the premises in reasonably safe condition, to inspect the premises to discover latent defects, to make safe any defects and/or to give an adequate warning of any dangers.

10.    Defendant Home Depot's conduct, and that of its agents, servants, and employees acting within the scope of their employment including, but not limited to, Jason Ratliffe and Barry Marotz, constituted a breach of the duty of ordinary care owed by Defendant Home Depot to Plaintiff. Defendant Home Depot knew or should have known that the condition on its premises created an unreasonable risk of harm to invitees. Defendant knew or should have known of the dangers associated with placing heavy boxes or crates on racks at a high level. Defendant's company officials testified in 1998 that Home Depot was receiving approximately one hundred and eighty-five (185) injury claims per week, many involving falling merchandise.

11.    Defendant Home Depot was negligent in at least the following respects:

a.     Unsafely placing and/or stacking the box or crate such that it had a dangerous propensity of falling;

b.     Utilizing an unsafe configuration in stacking the box or crate such that it had a dangerous propensity of falling;

c.     Placing and/or stacking heavy objects at an unsafe height;

d.     Failing to secure heavy objects to their shelving or racks or otherwise stabilize them;

e.     Failing to adequately maintain shelving or racks;

f.     Failing to install safety devices such as retainer bars, netting, safety straps, rails, wiring, rack dividers, extended shelf lips or other safety mechanisms to reduce the potential of merchandise falling on unsuspecting shoppers;

g.   Failing to properly instruct and/or train its employees to guard against unsafe stacking configurations, which have a dangerous propensity of falling;

h.   Failing to provide warning signs indicating the dangerous potential for falling merchandise;

i.   Failing to properly and adequately inspect the premises;

j.   Failing to inspect the premises and discover the dangerous condition existing thereon; and

k.   Failing to maintain the aisles, shelves and/or racks of the store in a reasonably safe condition.

12.   Defendants Jason Ratliffe and Barry Marotz were negligent in at least the following respects:

a.   Failing to ensure that the box or crate was not placed or stacked such that it would not have a dangerous propensity of falling;

b.   Failing to ensure that a safe configuration was utilized in stacking the box or crate such that it would not have a dangerous propensity of falling;

c.   Failing to ensure that heavy objects were not placed or stacked at an unsafe height;

d.   Failing to ensure that heavy objects were secured to their shelving or racks or otherwise stabilized;

e.   Failing to ensure that shelving or racks were adequately maintained;

f.   Failing to ensure that safety devices such as retainer bars, netting, safety straps, rails, wiring, rack dividers, extended shelf lips or other safety mechanisms were installed to reduce the potential of merchandise falling on unsuspecting shoppers;

g.   Failing to implement policies and procedures and/or properly instruct and/or train employees under their supervision to guard against unsafe stacking configurations, which have a dangerous propensity of falling;

h.   Failing to provide or have someone else provide warning signs indicating the dangerous potential for falling merchandise;

i.      Failing to properly and adequately inspect the premises;

j.      Failing to inspect the premises and discover the dangerous condition existing thereon; and

k.      Failing to maintain the aisles, shelves and/or racks of the store in a reasonably safe condition.

13.     Defendants' acts and omissions as described above proximately caused Plaintiffs' injuries and damages.

### Damages

14.     As a result of the incident described above, Plaintiff Henry Abdullah sustained personal injuries and damages including, but not limited to:

a.      Mental anguish in the past;

b.      Mental anguish that, in reasonable probability, will sustain in the future;

c.      Physical pain sustained in the past;

d.      Physical pain that, in reasonable probability, will sustain in the future;

e.      Disfigurement and scarring in the past;

f.      Disfigurement and scarring that, in reasonable probability, will sustain in the future;

g.      Physical impairment in the past;

h.      Physical impairment that, in reasonable probability, will sustain in the future;

i.      Medical care in the past;

j.      Medical care that, in reasonable probability, will sustain in the future;

k.      Loss of earning capacity in the past; and

l.   Loss of earning capacity that, in reasonable probability, will sustain in the future.

15.   As a result of the incident described above, Plaintiff Deborah Abdullah sustained damages including, but not limited to:

a.   Loss of consortium in the past;

b.   Loss of consortium in the future;

c.   Loss of household services in the past; and

d.   Loss of household services in the future.

16.   Plaintiffs Gavin Abdullah and Holden Abdullah are the natural children of Henry and Deborah Abdullah. As a result of the incident described above, Plaintiffs Gavin Abdullah and Holden Abdullah sustained damages including, but not limited to:

a.   Loss of parental consortium in the past; and

b.   Loss of parental consortium in the future.

## Malice & Exemplary Damages

17.   The actions or omissions of Defendant Home Depot set out herein, when viewed objectively from the standpoint of the actor at the time of the occurrence, involved an extreme degree of risk considering the probability and magnitude of potential harm to others. This Defendant had actual, subjective awareness of the risks involved but nevertheless, proceeded with conscious indifference to the rights, safety, and welfare of others, specifically Plaintiffs. Plaintiffs are therefore entitled to recover exemplary damages pursuant to TEX. CIV. PRAC. & REM. CODE §§ 41.001(7)(B) and 41.003(a)(2).

18.   Plaintiffs seek to recover exemplary damages herein against Defendant Home Depot pursuant to TEX. CIV. PRAC. & REM. CODE 41.008(b) in an amount equal to the *greater* of

7

two times the amount of economic damages awarded herein, plus an amount equal to any non-economic damages found by the jury, not to exceed $750,000.00; or $200,000.00.

### Prayer

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Defendants be cited and required to appear herein and that upon trial of this cause that Plaintiffs recover their damages, both actual and exemplary; for pre-judgment and post-judgment interest; for costs of court; and for all other relief to which they may be entitled.

Respectfully submitted,

WALTMAN & GRISHAM

Robert B. Waltman
State Bar No. 20822500
Donna Emenhiser
State Bar No. 00797835
707 Texas Avenue, Suite 106D
College Station, Texas 77840
Telephone 979/694-0900
Facsimile 979/693-0840

**ATTORNEYS FOR PLAINTIFFS**

8